Thacher, J.,
said he was in favor of affirming the decree.
Sewall, J.
The decree of the judge of probate, appealed from in this case, is supposed to be erroneous because made without any recognition or estimate of a certain lot of land which had been * conveyed by the deceased, Nathaniel Scott, [ * 329 ] to his son John Scott, the appellee. The appellants claim to have the value of this land considered in the apportionment of Nathaniel Scott’s estate, as an advancement by him to his son. *394 because his deed appears to have been made for the consideration of love and affection. And this claim is grounded upon the words of the statute directing the descent of intestate estates, &c.
Parker for the appellants.
Nelson and S. Thacher for the appellee.
The deed in question, besides the consideration of natural love and affection, expresses a consideration of money, nominal indeed, but sufficient to suggest and to open the inquiry which has been had, what valuable consideration operated between the father and the son in this conveyance. And the prevailing testimony offered in- this inquiry establishes, very satisfactorily to me, that between them there was another distinct consideration, fully understood and intended by the parties, of sufficient value to remove all presumption of an advancement in this case. The decree is therefore, in my opinion, to be affirmed.
Sedgwick, J., of the same opinion.

Decree affirmed. 
(1)

The entry of affirmation was as follows—viz.: “ And now, because it appears to the Court here that the deed made by the said intestate to the said John Scott, was not made for love and affection only, but for a valuable consideration, and that it doth appear not to have been intended as an advancement to the said John as his part of the estate of the said Nathaniel Scott, it is considered by the Court that said decree be affirmed, and that the said John recover his costs occasioned him by this appeal. And it is further considered that this case be remitted to the judge of probate.” (2)

 In a subsequent case, where a father made a deed to his son “ in consideration of love and affection, and of a desire to see him comfortably settled in the world,” but without any consideration of a pecuniary nature, it was holden that evidence could not be adduced to show that such considerations in fact existed. Whitman vs. Hapgood, post, vol. x. 437.
[Vide Bullard vs. Ballard, 5 Pick. 527. Bulkley vs. Noble, 2 Pick. 337. Jones vs. Jones, 2 Murphy, 150.—Ed.]